**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-7760

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL KENNY CARTER, a/k/a Blaze,

Defendant - Appellant.

_____

No. 22-6107

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL KENNY CARTER, a/k/a Blaze,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:17-cr-00351-JMC-1; 3:18-cv-02707-JMC)

_____

Submitted:  March 16, 2022                          Decided:  April 6, 2022

_____

2

Before GREGORY, Chief Judge, and AGEE and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Kenny Carter, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Michael Kenny Carter challenges orders of the district court denying relief on several postjudgment motions. We first address Carter's appeal from the district court's order construing his motion to reopen the 28 U.S.C. § 2255 proceedings pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b) motion") as an unauthorized, successive § 2255 motion and denying it for lack of jurisdiction. Our review of the record confirms that the district court properly construed Carter's Rule 60(b) motion as a successive § 2255 motion over which it lacked jurisdiction because he failed to obtain prefiling authorization from this court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *United States v. McRae*, 793 F.3d 392, 397-400 (4th Cir. 2015). Accordingly, we deny Carter's motion for a certificate of appealability[*] and affirm the district court's order.

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), *abrogated in part on other grounds by McRae*, 793 F.3d 392, we construe Carter's notice of appeal and informal briefs as an application to file a second or successive § 2255 motion. Upon review, we conclude that Carter's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny authorization to file a successive § 2255 motion.

As for the remaining orders from which Carter appeals, having reviewed the record and finding no reversible error, we affirm the district court's orders. *United States v.*

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive § 2255 motion. *McRae*, 793 F.3d at 400.

3

*Carter*, Nos. 3:17-cr-00351-JMC-1; 3:18-cr-02707-JMC (D.S.C. Dec. 15, 2021, Jan 20, 2022). We deny Carter's motions for transcripts at Government expense, for appointment of counsel, for reconsideration of the order in Appeal No. 21-7760 denying the motion for bail or release pending appeal, and for bail or release pending appeal in Appeal No. 22-6170. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*